**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANOVER INSURANCE COMPANY, | No.   17-15477 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01099-WHA |
| v. | |
| PAUL M. ZAGARIS, INC., a California corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before:  SCHROEDER and WATFORD, Circuit Judges, and SESSIONS,[**] District Judge.

Plaintiff Hanover Insurance Company ("Hanover") appeals the district

court's ruling denying its motion for summary judgment and granting the

Defendants' (the "Insureds") motion for summary judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

**1.** In this insurance coverage dispute, Hanover contends that the Miscellaneous Professional Liability Policy (the "Policy") it issued to the Insureds does not require Hanover to defend the Insureds in a third-party lawsuit filed against them. The lawsuit, a putative class action filed in the Superior Court of the State of California, County of Contra Costa (the "*Spracher* Lawsuit"), alleged that Defendant Paul M. Zagaris, Inc., a real estate brokerage company, received undisclosed kickbacks from the sale of natural-hazard disclosure reports ("NHD reports") to its clients. *See Spracher v. Zagaris*, No. CIVMSC15-02030 (Cal. Super. Ct. filed Nov. 5, 2015). The *Spracher* Lawsuit alleged claims for breach of fiduciary duties, aiding and abetting such breaches, violations of Section 1710(3) of the California Civil Code (prohibiting "deceit" by omission when obligated to disclose), violations of Section 17200 of the California Business and Professions Code, constructive fraud, unjust enrichment, civil conspiracy, and accounting. Hanover agreed to defend the Insureds in the *Spracher* Lawsuit subject to a reservation of rights.

Hanover's first reservation of rights letter cited certain provisions of the Policy and mistakenly cited a version of Exclusion 1 that had been superseded by the version in the Real Estate Professionals Endorsement appended to the Policy. Hanover's second reservation of rights letter focused on Exclusion 11, stating that "[b]ased on Policy 11, Hanover is defending under a reservation of rights those

17-15477

counts for violations of California's deceptive practices act [*sic*] and business code prohibiting unfair, unlawful or fraudulent and unfair competition."

Hanover filed the instant action seeking, *inter alia*, declaratory relief that it has no duty to defend or indemnify the Insureds in the *Spracher* Lawsuit based on Exclusion 11 of the Policy. Exclusion 11 exempts Hanover's duty to defend claims "arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws." The district court explained that

> Hanover contends the *Spracher* action is entirely excluded from coverage by Exclusion 11 because each cause of action therein arises out of "deceptive business practices." Our insureds respond that the *Spracher* action is a "mixed action" because there remains a potential for coverage for some causes of action – for breach of fiduciary duty and constructive fraud – which will *not* rely on a finding of deceptive business practices. Thus, they argue, Hanover has a duty to defend *all* claims.

Both parties moved for summary judgment, and the district court denied Hanover's motion and granted the Insureds' motion.

**2.** California law dictates that "any limitation on the coverage provided by a liability insurance policy must be express and consistent with the reasonable expectations of the insured." *Am. Safety Indem. Co. v. Admiral Ins. Co.*, 220 Cal. App. 4th 1, 4 (2013). "Doubts concerning the potential for coverage and the existence of [a] duty to defend are resolved in favor of the insured." *Reg'l Steel*

3    17-15477

*Corp. v. Liberty Surplus Ins. Corp.*, 226 Cal. App. 4th 1377, 1389 (2014) (citation omitted). In an action seeking declaratory relief on the issue of the duty to defend, "the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*. In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 300 (1993). In an action with potentially-covered claims and excluded claims, the insurer has a "duty to defend the entire 'mixed' action prophylactically, as an obligation imposed by law in support of the policy." *Buss v. Super. Ct.*, 16 Cal. 4th 35, 48–49 (1997).

**3.** The district court correctly reasoned that the *Spracher* causes of action for breach of fiduciary duty and constructive fraud do not necessarily "arise out of . . . deceptive business practices" such that Exclusion 11 certainly excludes coverage for them. These causes of action rely on the Insureds' omissions— whether or not fraudulent or deceptive. As the district court explained, it remains possible that the Insureds could be found not to have engaged in deceptive business practices even if they are found to have breached their fiduciary duties by failing to disclose their interest in the sales of the NHD reports, or engaged in constructive fraud via the same omission. Hanover has not met its burden to demonstrate that

4                                                    17-15477

there is no possible scenario in which the claims in the *Spracher* Lawsuit fall within the Policy.

Thus, Hanover has a duty to defend the *Spracher* Lawsuit, and the district court's decision is **AFFIRMED**.